2010 UT App 50

**STATE of Utah, Plaintiff and Appellee,**

v.

**Michael Dan KERR, Defendant and Appellant.**

No. 20080768–CA.

Court of Appeals of Utah.

March 4, 2010.

---

Randall W. Richards, Ogden, for Appellant.

Mark L. Shurtleff and Jeanne B. Inouye, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ORME.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶1 Defendant Michael Dan Kerr appeals from convictions of aggravated assault, *see* Utah Code Ann. § 76-5-103(1)(b) (2008), and possession of a dangerous weapon by a restricted person, *see id.* § 76-10-503(1)(a), (2)(b), as well as dangerous weapon penalty enhancements, *see id.* § 76-3-203.8(2), (4). Kerr raises three issues on appeal, which we address in turn.

¶2 First, Kerr argues that the trial court erred when it failed to "merge" the dangerous weapon sentence enhancements into his sentences for aggravated assault and possession of a dangerous weapon by a restricted person.[1] Specifically, Kerr contends that "merger" is appropriate because the only element required for the dangerous weapon enhancements was the possession of a dangerous weapon and the possession of a dangerous weapon is also an essential element of the underlying offenses of aggravated assault and possession of a dangerous weapon by a restricted person. We disagree.

¶3 The concepts of merger, double jeopardy, and lesser-included offenses are inapplicable "in cases where the legislature intended a statute to be an enhancement statute." *State v. Smith,* 2005 UT 57, ¶9, 122 P.3d 615; *see also Missouri v. Hunter,* 459 U.S. 359, 366, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983) ("Where [the legislature] intended ... to impose multiple punishments, imposition of such sentences does not violate the [double jeopardy provision of the] Constitution."). This court has already considered "whether the legislature intended for the dangerous weapon enhancement[, Utah Code section 76-3-203.8,] to impose cumulative punishments," and answered that question in the affirmative. *State v. Alfatlawi,* 2006 UT App 511, ¶40, 153 P.3d 804. In determining whether Utah Code section 76-3-203.8 was intended to be an enhancement statute, this court held that the plain language of the statute "unambiguously states that the legislature intended to make it mandatory for trial courts to increase prison terms where the jury determined ... that the defendant used a dangerous weapon while committing a felony." *Id. See generally Smith,* 2005 UT 57, ¶13, 122 P.3d 615 (stating that where—as here—the plain language and structure of the statute "evidenc[es] a graduated punishment scale[,][it] is indicative of an enhancement statute." (second alteration in original) (internal quotation marks omitted)). Accordingly, because section 76-3-203.8 is an enhancement statute, Kerr's claim that the trial court should have "merged" his convictions for aggravated assault and possession of a dangerous weapon by a restricted person with the dangerous weapon enhancements fails.

¶4 Alternatively, Kerr contends that subsection (4), *see* Utah Code Ann. § 76-3-

---

1. Kerr frames his argument as a merger question. However, Kerr's brief often conflates the merger doctrine with other legal concepts, i.e., lesser-included offense and double jeopardy analysis. We note that while these doctrines may indeed overlap in certain circumstances, they are analytically distinct. For example, the merger doctrine, which "is most commonly applied to situations involving a defendant who has been charged with committing both a violent crime, in which a detention is inherent, and the crime of kidnaping based solely on the detention necessary to the commission of the companion crime," *State v. Diaz,* 2002 UT App 288, ¶17, 55 P.3d 1131, is useful "for determining whether a detention or movement of a victim is significantly independent of another crime to justify a separate conviction for kidnaping," *State v. Finlayson,* 956 P.2d 283, 289 (Utah Ct.App.1998), *aff'd on other grounds,* 2000 UT 10, 994 P.2d 1243. On the other hand, lesser-included offenses are "those where the two crimes are such that the greater cannot be committed without necessarily having committed the lesser." *Id.* at 287 (internal quotation marks omitted). Finally, double jeopardy "protects a defendant from (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Low,* 2008 UT 58, ¶51, 192 P.3d 867.

203.8(4), "is ambiguous as to whether an enhancement is intended by the legislature." According to Kerr, because *possession* of a dangerous weapon was a necessary element of his conviction for possession of a dangerous weapon by a restricted person, *see id.* § 76–10–503, subsection (4) cannot be used as an enhancement because that provision does not "permit an enhancement for a weapon possession when the possession is the sole element of the underlying crime." In other words, Kerr argues that the dangerous weapon enhancement cannot apply to the crime of possession by a restricted person because that crime requires "possession" of a dangerous weapon, while the weapon enhancement statute requires "use" of the weapon. Kerr's argument is unavailing because Kerr misconstrues the elements of the possession of a dangerous weapon by a restricted person statute.

¶ 5 Under Utah Code section 76–10–503, a "Category I restricted person" is guilty of a third degree felony if he "intentionally or knowingly purchases, transfers, *possesses,* [or] *uses* . . . any dangerous weapon other than a firearm." *Id.* § 76–10–503(2) (emphasis added). *See generally id.* § 76–1–601(5)(a) (defining a dangerous weapon as "any item capable of causing death or serious bodily injury"). The evidence in this case showed that in addition to possessing the knife, Kerr also *used* the knife to stab the victim's cheek. Accordingly, his conviction for possession of a dangerous weapon by a restricted person was a conviction for the *use* of the weapon, not merely possession thereof. Kerr's use of the knife—together with his 1998 conviction for a felony in which he also used a dangerous weapon—therefore supported an enhancement under subsection (4), *see id.* § 76–3–203.8(4) (requiring a trial court to impose an additional sentence if it finds that "a person has been sentenced to a term of imprisonment for a felony in which a dangerous weapon was *used* in the commission of . . . the felony and that person is subsequently convicted of another felony in which a dangerous weapon was *used* in the

commission of . . . the felony" (emphasis added)).

¶ 6 Second, Kerr contends that the trial court erred in failing to sua sponte rule that the enhancement of a consecutive five- to ten-year prison sentence constituted cruel and unusual punishment under Article I, Section 9 of the Utah Constitution, *see* Utah Const. art. I, § 9. As Kerr concedes in his brief, this issue was not preserved for appeal. Accordingly, Kerr argues that plain error analysis applies.

> When a party fails to preserve an issue for appeal, we will address the issue only if . . . the appellant establishes that the district court committed plain error[ ]. . . .
>
> . . . "To prevail under plain error review, a defendant must demonstrate that [1] an error exists; [2] the error should have been obvious to the trial court; and [3] the error is harmful, i.e., absent the error, there is a reasonable likelihood of a more favorable outcome."

*State v. Low,* 2008 UT 58, ¶¶ 19–20, 192 P.3d 867 (second, third, and fourth alterations in original) (additional quotation marks omitted) (quoting *State v. Ross,* 2007 UT 89, ¶ 17, 174 P.3d 628).

¶ 7 Kerr's plain error claim fails because he cannot demonstrate that any error in sentencing should have been obvious to the trial court. "To show obviousness of the error, [Kerr] 'must show that the law governing the error was clear at the time the alleged error was made.'" *State v. Beck,* 2007 UT 60, ¶ 60, 165 P.3d 1225 (quoting *State v. Dean,* 2004 UT 63, ¶ 16, 95 P.3d 276). At the time of the sentencing, there was "no settled appellate law" holding that a sentence such as Kerr's violated the Utah Constitution's proscription against cruel and unusual punishment, *see State v. Ross,* 951 P.2d 236, 239 (Utah Ct.App.1997) ("[A] trial court's error is not plain where there is no settled appellate law to guide the trial court.").[2] Accordingly, any error in imposing the additional prison term could not have been obvious to

---

**2.** Kerr cites numerous cases in support of his claim that the enhanced sentence violated Article I, Section 9 of the Utah Constitution. These cases are unhelpful, however, either because they are factually distinguishable or because they are federal cases interpreting the Eighth Amendment of the United States Constitution.

the trial court, and Kerr's plain error argument fails.

¶ 8 Finally, Kerr contends that his trial counsel was ineffective because she failed to argue that the enhanced sentence imposed by the trial court violated the double jeopardy and cruel and unusual punishment clauses of the Utah and United States Constitutions. Again, Kerr's claim is without merit. "When an ineffective assistance of counsel claim is raised for the first time on appeal ... it presents a question of law." *State v. Alfatlawi*, 2006 UT App 511, ¶ 11, 153 P.3d 804 (internal quotation marks omitted); *see also State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162. To prevail on an ineffective assistance of counsel claim, Kerr must show "that counsel's performance was deficient, in that it fell below an objective standard of reasonable, professional judgment," *and* "that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Failure to establish either prong of the test is fatal to Kerr's ineffective assistance claim. *See State v. Diaz*, 2002 UT App 288, ¶ 38, 55 P.3d 1131.

¶ 9 In establishing that his trial counsel's performance fell below an objective standard of reasonable judgment, Kerr must show that "on the *basis of the law in effect at the time of trial*," his counsel performed deficiently. *State v. Dunn*, 850 P.2d 1201, 1228 (Utah 1993) (emphasis added). There is no controlling appellate law holding that under these circumstances a weapon enhancement violates either the double jeopardy or cruel and unusual punishment clauses/provisions of the Utah or United States Constitutions. Thus, trial counsel's failure to object to the weapon enhancement as constitutionally defective cannot constitute deficient performance because the failure to object comported with "the law in effect at the time of trial." *Id.* Accordingly, Kerr's ineffective assistance of counsel claim fails.

¶ 10 Affirmed.

¶ 11 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and GREGORY K. ORME, Judge.