2010 UT App 106

**STATE of Utah, Plaintiff and Appellee,**

v.

**S. Steven MAESE, Defendant and Appellant.**

No. 20090084–CA.

Court of Appeals of Utah.

April 29, 2010.

Rehearing Denied Aug. 12, 2010.

S. Steven Maese, Holladay, Appellant Pro Se.

Mark L. Shurtleff and Laura B. Dupaix, Salt Lake City, for Appellee.

Before Judges DAVIS, THORNE, and GREENWOOD.[1]

## OPINION

THORNE, Judge:

¶1 Defendant S. Steven Maese appeals from his convictions for one count of pattern of unlawful activity, *see* Utah Code Ann. § 76–10–1603 (2008), and four counts of exploiting prostitution, *see id.* § 76–10–1305. Defendant argues that the trial court erred by failing to rule on Defendant's motion for a bill of particulars and inadequately instructing the jury on the meaning of jury unanimity and the elements of the pattern of unlawful activity charge. Defendant also argues that the evidence at trial was insufficient to support three of his four convictions of exploiting prostitution. We affirm.

## BACKGROUND [2]

¶2 Defendant and Tiffany Curtis formed and operated an escort agency called The Doll House. In April 2006, sheriff's deputies executed a search warrant on Curtis's home. In October 2006, Defendant and Curtis were each charged with one count of pattern of unlawful activity, four counts of exploiting prostitution, and one count of money laundering. At a preliminary hearing, Defendant and Curtis were bound over for trial as charged. Curtis ultimately entered into a plea agreement, and Defendant's case proceeded to trial.

¶3 On the scheduled first day of trial, Defendant asked to discharge his lawyer, and the trial court granted his counsel's motion to withdraw. The trial court set the matter for another jury trial setting on July 10 and 11, 2008, with a pretrial on July 7, 2008. Thereafter, Defendant filed a motion for a bill of particulars and a motion to disqualify the Salt Lake County district attorney's office. At the pretrial hearing, the trial court held oral argument on both motions, after which the court indicated it would render a written opinion on the pending motions prior to the scheduled trial. That same day, the court issued a memorandum decision and order wherein the court denied Defendant's motion to disqualify. The district court did not include in that memorandum decision any reference to Defendant's motion for a bill of particulars.

¶4 On the day set for trial, the trial court asked the parties if they were ready to proceed with the trial, both affirmed they were and the jury trial commenced. During deliberations, the jury sent the following questions to the court regarding the two elements instructions: "In instruction # 37 a, b, c, d do all of them have to be fulfilled in order to find [Defendant] guilty or just one of the conditions met? Also, the same question for instruction # 40[.]" The trial court, in a phone call with the State, Defendant, and defense counsel, informed the parties that the jury had submitted two questions. The trial court read the questions to the parties and asked them for input regarding an answer. The State in response stated that it believed telling the jury any one condition could be met would be satisfactory. Defense counsel objected to the State's proposed answer to the jury question and told the trial court that he believed no additional instruction was necessary; that the jury should be told they had adequate instructions and they should reread the jury instructions to find an answer. The trial court then informed the parties that he would instruct the jury as follows: "Both instructions 37 and 40's subparagraphs (the a, b, c,'s) you refer to end with the word 'or' and therefore should be read accordingly."

¶5 Following the two-day trial, the jury convicted Defendant of a single count of pattern of unlawful activity and four counts of exploiting prostitution. The jury acquitted Defendant of a single count of money laundering. Thereafter, Defendant filed a motion for arrest of judgment or, in the alternative, for a new trial on the grounds that (1) the

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment pursuant to Utah Code section 78A–3–103(2) (2008) and rule 11–201(6) of the Supreme Court Rules of Professional Practice.

2. On appeal, we review the record facts in a light most favorable to the jury's verdict and recite the facts accordingly. *See State v. Brown,* 948 P.2d 337, 338 (Utah 1997).

trial court failed to rule on Defendant's motion for bill of particulars before trial, (2) the trial court erred by not compelling the State to provide a bill of particulars, (3) the jury was given improper instruction as to jury unanimity, (4) the trial court allowed the State to present evidence pertaining to all subsections of the pattern of unlawful activity statute when Defendant was only charged with violating one of those subsections, and (5) the evidence introduced was insufficient to overcome a reasonable doubt that Defendant committed the crimes of which he was convicted.[3] The trial court denied Defendant's motion and sentenced him to a term of one-to-fifteen years in the state prison for the pattern of unlawful activity conviction, and a term of zero-to-five years for each of the four exploiting prostitution convictions. The trial court suspended the prison terms but required Defendant to serve sixty days in jail, and placed him on probation. Defendant now appeals.

### ISSUES AND STANDARDS OF REVIEW

¶6 Defendant argues on appeal that the trial court erred by failing to rule on his bill of particulars motion prior to trial and by failing to compel the State to provide a bill of particulars. Defendant argues that the probable cause statement inadequately notified him of the factual allegations supporting the criminal charges. "[W]e accord a trial court's conclusions of law no particular deference, reviewing them for correctness. Here, the question of the adequacy of the notice given defendant is one of law." *State v. Norcutt*, 2006 UT App 269, ¶8, 139 P.3d 1066 (alteration in original) (internal quotation marks omitted).

¶7 Defendant next argues that the trial court inadequately instructed the jury on the meaning of jury unanimity and the elements for the pattern of unlawful activity. "A challenge to a jury instruction as incorrectly stating the law presents a question of law, which we review for correctness." *State v. Weisberg*, 2002 UT App 434, ¶12, 62 P.3d 457 (internal quotation marks omitted).

---

3. Defendant raised other grounds in his motion for arrest of judgment. We, however, list only

¶8 Defendant lastly argues that the trial court should have arrested judgment as a result of insufficient evidence.

The standard for determining whether a trial court correctly granted or denied a motion for arrest of judgment is the same standard appellate courts apply in determining whether a jury verdict should be set aside for insufficient evidence. Under that standard a trial court may arrest a jury verdict when the evidence, viewed in the light most favorable to the verdict, is so inconclusive or so inherently improbable as to an element of the crime that reasonable minds must have entertained a reasonable doubt as to that element.

*State v. Hoffhine*, 2001 UT 4, ¶20, 20 P.3d 265 (citation and internal quotation marks omitted).

### ANALYSIS

#### I. Motion for Bill of Particulars

¶9 Defendant argues that the trial court erred by failing to rule on his bill of particulars motion, *see* Utah R.Crim. P. 12(e), and argues that the trial court should have compelled the State to provide a bill of particulars because the State failed to adequately notify Defendant of the charges against him. In particular, Defendant asserts that the probable cause statement was inadequate because the State cited generally to the exploitation of prostitution statute without identifying which of the five separate crimes Defendant was being charged with committing. *See* Utah Code Ann. § 76–10–1305(1)(a)–(e) (2008). The State argues that the invited error doctrine forecloses appellate review of this issue because defense counsel affirmatively represented to the trial court that he was ready to proceed to trial even though he had not received a bill of particulars.

The invited error doctrine prohibits parties from taking advantage of an error committed at trial when that party led the trial court into committing the error. Af-

those raised on appeal.

firmative representations that a party has no objection to the proceedings fall within the scope of the invited error doctrine because such representations reassure the trial court and encourage it to proceed without further consideration of the issues.

*Newman v. White Water Whirlpool,* 2008 UT 79, ¶ 14, 197 P.3d 654 (citation and internal quotation marks omitted).

¶ 10 In this case, the trial court asked defense counsel on the day of trial if he was ready to proceed and defense counsel gave an affirmative response. Defense counsel's affirmative representation that he was ready to proceed encouraged the trial court to proceed with the trial without ruling on Defendant's pending motion for a bill of particulars. As a result, we conclude that Defendant led the trial court into committing error, if any. We therefore apply the invited error doctrine and hold that Defendant is precluded from asserting trial court error in this regard.

## II. Jury Instructions

### A. Jury Unanimity and Pattern of Unlawful Activity Instructions

¶ 11 Defendant contends that the trial court inadequately and incorrectly instructed the jury on the meaning of jury unanimity and that the elements of the pattern of unlawful activity instruction created a fatal variance from the information used to charge Defendant. Defendant also argues that the trial court erred by failing to require the State to elect offenses. Defendant acknowledges that he did not object to the instructions and thereby failed to preserve these issues at trial. Therefore, Defendant raises his jury instruction issues as plain error and argues manifest injustice on appeal. The State responds that the invited error doctrine forecloses even a plain error appellate review of these jury instruction issues because defense counsel affirmatively represented to the trial court that, other than an unrelated issue, he had no objections to the jury instructions as given.

While a party who fails to object to or give an instruction may have an instruction as-

signed as error under the manifest injustice exception, a party cannot take advantage of an error committed at trial when that party led the trial court into committing the error. Accordingly, a jury instruction may not be assigned as error even if such instruction constitutes manifest injustice if counsel, either by statement or act, affirmatively represented to the court that he or she had no objection to the jury instruction.

*State v. Geukgeuzian,* 2004 UT 16, ¶ 9, 86 P.3d 742 (citations and internal quotation marks omitted).

¶ 12 Here, after the defense rested, the trial court gave both sides a proposed set of jury instructions, which the court had prepared after reviewing proposed instructions provided by both Defendant and the State. After giving the parties time to review the instructions, the trial court addressed the State's concerns and then turned to defense counsel, who asked the court to delete some of the alternatives in the exploitation of prostitution elements instructions for lack of evidence and to expressly limit conviction of one of the alternatives to only one count. Defense counsel did not raise any objection to the jury instruction on unanimity. After granting part of defense counsel's request, the trial court asked, "Anything else?" Defense counsel replied, "That's all I have, Judge." Defense counsel, in so responding, affirmatively represented to the trial court that he had no objections to the remaining jury instructions, which included instructions on the meaning of jury unanimity and the elements of the pattern of unlawful activity. The Utah Supreme Court has applied the invited error doctrine in a similar situation. *See State v. Hamilton,* 2003 UT 22, ¶ 55, 70 P.3d 111 (holding that the defendant invited error where his counsel confirmed on the record that the defense had no objection to the instructions given by the trial court). Because Defendant did not object, rather he actively approved of the jury instructions, we conclude that Defendant invited any error that exists. Accordingly, Defendant is not entitled to appellate review of the jury in-

structions at issue.[4]

### B. Supplemental Jury Instruction

¶ 13 Defendant next argues that the trial court's supplemental instruction, given during jury deliberations in response to a written jury question, inaccurately conveyed Utah law and failed to address jury unanimity problems. "[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." *Brookside Mobile Home Park, Ltd. v. Peebles*, 2002 UT 48, ¶ 14, 48 P.3d 968. To determine whether the trial court had such an opportunity, we consider three factors: "(1) the issue must be raised in a timely fashion; (2) the issue must be specifically raised; and (3) a party must introduce supporting evidence or relevant legal authority." *Id.* (internal quotation marks omitted).

¶ 14 Although defense counsel objected to the State's proposed response to the jury question by stating that he "believed no additional instruction was necessary; that the jury should be told that they had adequate instructions and they should reread the jury instructions to find an answer to their question," he did not raise any objection to the actual response the trial court decided to give to the jury. The narrative of defense counsel's objection as supplied by Defendant pursuant to rule 11 of the Utah Rules of Appellate Procedure, *see* Utah R.App. P. 11(g), contains no objection to the trial court's response as being an inaccurate representation of Utah law, nor does it address jury unanimity problems at all.

¶ 15 Because Defendant failed to raise and explain any objection to the trial court's response to the jury question and does not argue plain error or exceptional circumstances, we decline to review Defendant's supplemental instruction issue. *See State v. Pinder*, 2005 UT 15, ¶ 45, 114 P.3d 551 ("Under ordinary circumstances, we will not consider an issue brought for the first time on appeal unless the trial court committed plain error or exceptional circumstances exist." (internal quotation marks omitted)).

### III. Insufficiency of the Evidence

¶ 16 Defendant argues that the trial court erred in denying his motion for arrest of judgment. Defendant argued before the trial court that there was insufficient evidence to support the jury verdict convicting him of four counts of exploiting prostitution and one count of pattern of unlawful activity. Because Defendant is now arguing insufficiency of the evidence on appeal, he "has the heavy burden of marshaling the evidence in support of the verdict and showing that the evidence, viewed in the light most favorable to the verdict, is insufficient." *Balderas v. Starks*, 2006 UT App 218, ¶ 21, 138 P.3d 75 (internal quotation marks omitted).

> Put differently, a party incurs an obligation to marshal all of the evidence that arguably supports the jury's conclusion. This means that it must marshal "every scrap" of evidence that supports the jury's finding. It also requires that the party contesting the verdict assume the role of "devil's advocate." The party challenging the jury's verdict must therefore temporarily remove its own prejudices and fully embrace "the adversary's position."

*Harding v. Bell*, 2002 UT 108, ¶ 19, 57 P.3d 1093 (citations and emphasis omitted). "Failure to marshal the evidence waives an appellant's right to have his claim of insufficiency considered on appeal." *State v. Gallegos*, 851 P.2d 1185, 1189–90 (Utah Ct.App. 1993).

¶ 17 In this case, Defendant fails to meet the marshaling burden. Instead of presenting the evidence in support of the jury verdict, Defendant selectively presents witness testimony that supports his assertions that the State failed to prove each of the elements of exploiting prostitution and pattern of unlawful activity and reargues the

---

4. Defendant attempts to demonstrate that he was prejudiced by the instructions on jury unanimity by presenting juror affidavits, which he argues are admissible to establish that the jury failed to reach a true and valid verdict. We do not, however, consider this issue because we have determined that Defendant is not entitled to appellate review of the jury unanimity instruction because Defendant invited the error by affirmatively approving of the instruction.

credibility of the witnesses against him. Defendant omits crucial and incriminating evidence, referenced in the trial court's five-page summary of the "mountain of evidence" provided at trial, concerning the nature of Defendant's business and Defendant's knowledge about the purpose of the business. *See generally Child v. Gonda*, 972 P.2d 425, 434 (Utah 1998) ("It is an absolute requirement of marshaling that the party state fully and accurately all of the evidence on an issue and then show, as a matter of law, that the evidence does not support the verdict." (emphasis omitted)). Because Defendant has failed to meet his burden of showing that the evidence supporting the verdict was completely lacking or so slight and unconvincing as to make the verdict unreasonable and unjust, we reject Defendant's argument that the evidence was insufficient to support the jury's verdict. Accordingly, we affirm the trial court's denial of Defendant's motion for arrest of judgment.

## CONCLUSION

¶ 18 The invited error doctrine precludes appellate review of Defendant's issues related to his motion for a bill of particulars and jury instructions issues. In sum, Defendant affirmatively represented to the trial court that he was ready to proceed with trial notwithstanding that Defendant was aware that the trial court had not ruled on his motion for a bill of particulars prior to the commencement of trial. Defendant's affirmative representation that he was ready to proceed encouraged the trial court to proceed with the trial without ruling on Defendant's pending motion. Defendant therefore led the trial court into committing error, if any, and we decline to review his bill of particulars issues. Similarly, Defendant not only did not object to the jury instructions, but he actively approved of the jury instructions. Defendant is therefore not entitled to appellate review on any of his various jury instructions issues.

¶ 19 Defendant's final argument is that the trial court erred in denying his motion for arrest of judgment based on insufficient evidence to support the jury verdict convicting him of exploiting prostitution and pattern of unlawful activity. Because Defendant argues insufficiency of the evidence on appeal, he is required to marshal the evidence in support of the verdict and show that the evidence viewed in the light most favorable to the verdict, is insufficient. Defendant failed to meet this burden by selectively presenting evidence in his favor and disregarding the evidence in favor of the jury verdict. Accordingly, we affirm the trial court's denial of Defendant's motion for arrest of judgment.

¶ 20 WE CONCUR: JAMES Z. DAVIS, Presiding Judge, and PAMELA T. GREENWOOD, Senior Judge.

