IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | MEMORANDUM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20100749-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (September 27, 2012) |
| Jonathan Eric Zaragoza, | ) | |
| | ) | 2012 UT App 268 |
| Defendant and Appellant. | ) | |

-----

Third District, Salt Lake Department, 091904897
The Honorable Michele M. Christiansen, the Honorable Anthony B. Quinn, and the
Honorable Dennis M. Fuchs[1]

Attorneys:    Troy L. Booher and Christopher L. Stout, Salt Lake City, for Appellant
              Mark L. Shurtleff and Karen A. Klucznik, Salt Lake City, for Appellee

-----

Before Judges Thorne, McHugh, and Roth.

THORNE, Judge:

¶1     Defendant Jonathan Eric Zaragoza appeals from his convictions for aggravated
kidnapping, *see* Utah Code Ann. § 76-5-302 (2008), aggravated assault, *see id.* § 76-5-103

---

[1]Judge Anthony B. Quinn presided over the trial and Judge Michele M.
Christiansen conducted the pretrial hearing on the State's motion to admit certain
statements finding wrongdoing on the part of Defendant.  Judge Dennis M. Fuchs
presided over the sentencing.

(2008),[2] and domestic violence in the presence of a child, *see id.* § 76-5-109.1 (Supp. 2012).[3] We affirm.

¶2    Defendant's charges arise from a dispute between Defendant and his wife, Ms. Zaragoza (Wife), at a motel where the couple was staying with a friend and Wife's eight-year-old daughter. After the incident, Wife contacted the police, who photographed the motel room and Wife's injuries. Wife gave two witness statements to the police. Before trial, Wife invoked her state constitutional spousal testimonial privilege, stating that she would not testify against Defendant. The State moved to admit Wife's witness statements under the forfeiture-by-wrongdoing doctrine arguing that Defendant forfeited any confrontation challenges to the admission of Wife's out-of-court statements when he procured her unavailability. The trial court held an evidentiary hearing and granted the State's motion.

¶3    At trial, the State presented Wife's witness statements describing what had happened in the motel room.[4] On the morning of the second day of trial, defense counsel argued that *State v. Finlayson*, 2000 UT 10, 994 P.2d 1243, applied to the matter and requested the following proposed jury instruction:

> You are instructed that the law does not allow double
> punishment for the same act. Accordingly, you may not find
> the defendant guilty of both a kidnaping charge and an
> assault charge unless you find beyond a reasonable doubt
> that any detention of [Wife] was independent of and not
> merely incidental to any assault of [Wife]. Accordingly, if
> you find that [Defendant] assaulted [Wife] over a period of

---

[2]Section 76-5-103 was amended in 2010. *See* Utah Code Ann. § 76-5-103 (historical notes) (Supp. 2012). Because the statute has since been amended, we cite the 2008 version of the statute under which Defendant was charged.

[3]The current version of section 76-5-109.1 was amended effective May 12, 2009. *See* Utah Code Ann. § 76-5-109.1 (historical notes) (Supp. 2012). The amended version of the statute was the version in effect when Defendant was charged.

[4]Defense counsel noted a standing objection to Wife's out-of-court statements.

time, but that he did not detain or restrain her for any
significant period of time, in addition to the time taken up
by the assault, you may not find him guilty of kidnaping.

The trial court denied defense counsel's proposed instruction. The jury convicted Defendant of aggravated kidnapping, aggravated assault, and commission of domestic violence in the presence of a child. Defendant now appeals and argues that he is entitled to a new trial because the trial court erred when it (1) denied Defendant's request for a jury instruction on aggravated assault as a lesser-included offense of aggravated kidnapping and (2) admitted Wife's hearsay statements at trial.

## I. Jury Instruction

¶4      Defendant first argues that the trial court erred by failing to instruct the jury on the lesser-included relationship between aggravated assault and aggravated kidnapping. "Whether a jury instruction on a lesser included offense is appropriate presents a question of law," *State v. Spillers*, 2007 UT 13, ¶ 10, 152 P.3d 315, which is reviewed for correctness, *see State v. Daniels*, 2002 UT 2, ¶ 27, 40 P.3d 611. Under *State v. Baker*, 671 P.2d 152 (Utah 1983), a defendant is entitled to a requested lesser-included offense instruction when

> (1) the two offenses are related because some of their statutory elements overlap, and the evidence at trial of the greater offense involves proof of some or all of those overlapping elements; and (2) the evidence provides a rational basis for a verdict acquitting the defendant of the offense charged and convicting the defendant of the lesser-included offense.

*State v. Evans*, 2001 UT 22, ¶ 18, 20 P.3d 888 (citing *Baker*, 671 P.2d at 159). However, we do not reach Defendant's lesser-included offense argument because it was not preserved below.

¶5      At trial, Defendant did not request a lesser-included offense instruction nor did he object to the trial court's failure to include a lesser-included offense instruction in its

proposed jury charge.[5]  Instead, defense counsel requested a merger doctrine instruction based on *Finlayson*, 2000 UT 10.  On appeal, Defendant argues that the trial court erred by refusing to give Defendant's requested jury instruction explaining the lesser-included relationship between aggravated kidnapping and aggravated assault. Defendant conflates the merger doctrine with the lesser-included offense legal concept. The jury instruction Defendant requested pertained to his merger doctrine argument and instructed the jury on the merger doctrine not the concept of a lesser-included offense.

¶6     Lesser-included offenses are "those where the two crimes are such that the greater cannot be committed without necessarily having committed the lesser."  *State v. Finlayson*, 956 P.2d 283, 287 (Utah Ct. App. 1998) (internal quotation marks omitted); *see also State v. Kerr*, 2010 UT App 50, ¶ 2 n.1, 228 P.3d 1255 (mem.) (citing *Finlayson*, 956 P.2d at 289 and discussing the analytical distinction between the merger doctrine and the lesser-included offense concept).  "While [the lesser-included offense and the merger doctrine] may indeed overlap in certain circumstances, they are analytically distinct."  *Kerr*, 2010 UT App 50, ¶ 2 n.1.

> For example, the merger doctrine, which is most commonly applied to situations involving a defendant who has been charged with committing both a violent crime, in which a detention is inherent, and the crime of kidnaping based solely on the detention necessary to the commission of the companion crime, [and] is useful for determining whether a detention or movement of a victim is significantly independent of another crime to justify a separate conviction for kidnaping.

*Id.* (citation and internal quotation marks omitted) (citing *Finlayson*, 956 P.2d at 289). The requested instruction at issue in this case instructs the jury that it "may not find the defendant guilty of both a kidnaping charge and [an] assault charge unless you find

---

[5]Defense counsel clarified that his only exceptions to the trial court's proposed jury instructions were that the court should have included the merger doctrine instruction and omitted both the definition of serious bodily injury and the flight instruction.

beyond a reasonable doubt that any detention of [Wife] was *independent of and not merely incidental to any assault* of [Wife]." (Emphasis added.) This is very different from a lesser-included offense instruction instructing the jury that "an offense is lesser included when proof of one crime necessarily proves all of the elements of the second crime." *State v. Brooks*, 908 P.2d 856, 861 (Utah 1995). Because we observe that Defendant actually requested a merger doctrine instruction and not a lesser-included offense instruction and points to nowhere in the record where such a request was preserved, we conclude that Defendant did not preserve his lesser-included offense issue for appeal.[6] *See State v. Maese*, 2010 UT App 106, ¶ 13, 236 P.3d 155 ("[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." (internal quotation marks omitted)). As a result, we decline to address this claim on appeal.

## II. Hearsay Statement

¶7 Defendant next argues that the trial court erred when it admitted Wife's out-of-court statements utilizing the forfeiture-by-wrongdoing doctrine. Forfeiture by wrongdoing forecloses the defendant's constitutional right to be confronted with the witnesses against him when the defendant's affirmative acts caused the witness to be unavailable. *See State v. Poole*, 2010 UT 25, ¶ 10, 232 P.3d 519. Defendant asserts that his conduct in this case is not the type of conduct that justifies forfeiture of his confrontation clause rights. The trial court's "decision to admit testimony that may implicate the confrontation clause is . . . a question of law reviewed for correctness." *Id.* ¶ 8 (internal quotation marks omitted).

¶8 The doctrine of forfeiture by wrongdoing applies if the State can show "(1) the witness is unavailable at trial, (2) *the witness's unavailability was caused by a wrongful act of the defendant*, and (3) the defendant's act was done with an intent to make the witness unavailable."[7] *Id.* ¶ 20 (emphasis added). In this case, the trial court applied the forfeiture-by-wrongdoing doctrine to reach its conclusion that Defendant caused Wife's

---

[6]Defendant in his reply brief states that he does not argue on appeal that the trial court erred in its merger ruling.

[7]Defendant does not dispute that the first and third prongs of the test in *State v. Poole*, 2010 UT 25, ¶ 20, 232 P.3d 519, are met in this matter.

unavailability through the wrongful act of contacting Wife 276 times by phone. The trial court found that the calls were intended to influence her and were made in violation of the court's no-contact order.[8] Defendant asserts that the court's application of the doctrine was overly expansive, essentially concluding that any act, including encouraging a spouse to withhold privileged testimony, undertaken with the intent to procure a witness's unavailability is per se wrongful. In challenging the court's wrongful act determination, Defendant fails to acknowledge that the specific acts the court considered in its determination—276 phone calls Defendant initiated from jail—were undertaken in violation of a no-contact order. The trial court specifically referenced those phone calls and the content of those calls and found that there was more than a preponderance of the evidence to show that "this defendant engaged in witness tampering to attempt to induce someone from withholding testimony, change somebody's testimony, influence the testimony that may be given at trial." These findings are sufficient to establish the second prong of the test that Defendant caused Wife's unavailability by the wrongful act of contacting Wife by phone 276 times in violation of a no-contact order.[9]

---

[8]The trial court found that it was "fairly clear" that "there was plenty of influence" including reminders of the past, offers and withdrawals of forgiveness, indications of change and references to God or a higher power, and discussion of the relationship.

[9]Even if we were to conclude that the trial court erred in finding that Defendant's acts were the type of conduct that justifies forfeiture of his rights under the confrontation clause, we conclude any such error was harmless because Defendant was not denied his right to confront Wife. At trial, Defendant called Wife to testify. Wife testified and willingly answered defense counsel's questions. Because Defendant was provided a sufficient opportunity to cross-examine Wife, we conclude that he was afforded his right to confrontation. *Cf. State v. Nelson*, 725 P.2d 1353, 1356 (Utah 1986) ("The essence of the confrontation right is the opportunity to have the accusing witness in court and subject to cross-examination, so that bias and credibility can be evaluated by the finder of fact. If the witness is physically present and subject to cross-examination, . . . these values would seem to be satisfied." (citations and internal quotation marks omitted)).

¶9     In summary, Defendant argues that the trial court failed to instruct the jury on the lesser-included relationship between aggravated assault and aggravated kidnapping. Defendant did not, however, request a lesser-included offense instruction. Instead, Defendant requested a merger doctrine jury instruction. Therefore, Defendant failed to preserve his lesser-included offense argument, and we decline to address this claim for the first time on appeal. Defendant also argues that the court erred when it admitted Wife's out-of-court statements. The trial court admitted the statements under the forfeiture-by-wrongdoing doctrine, finding that Defendant caused Wife's unavailability by placing 276 phone calls to Wife in violation of a no-contact order in an effort to influence her not to testify for the State. The court's findings are sufficient to establish that Defendant caused Wife's unavailability by a wrongful act. As such, we see no error with the trial court's determination that Defendant forfeited his right to confront Wife. Even so, Wife subsequently testified at trial providing Defendant with an opportunity to cross-examine Wife. Thus, even if there had been any error in admitting Wife's out-of-court statements it was cured when Wife subsequently testified.

¶10    Affirmed.


_____

William A. Thorne Jr., Judge


-----


¶11    WE CONCUR:


_____

Carolyn B. McHugh, Judge


_____

Stephen L. Roth, Judge


20100749-CA                              7