2014 UT App 120

**CAPITAL ONE BANK (USA), N.A., Plaintiff, Counterclaim Defendant, and Appellee,**

v.

**Kathy ROBERTS and Jimmy Roberts, Defendant, Counterclaim Plaintiffs, and Appellants.**

No. 20130153–CA.

Court of Appeals of Utah.

May 30, 2014.

---

Kathy Roberts and Jimmy Roberts, Appellants Pro Se.

Christopher J. Rogers, Draper, Attorney for Appellee.

Before Judges J. FREDERIC VOROS JR., STEPHEN L. ROTH, and JOHN A. PEARCE.

Decision

PER CURIAM:

¶ 1 Kathy and Jimmy Roberts appeal from the judgment entered in favor of Capital One Bank (USA), N.A.[1] We affirm.

¶ 2 The Robertses raise numerous issues that cannot be reviewed by this court due to the Robertses' failure to provide this court with an official transcript of either the pre-trial conference or the trial.[2] "As an appellate court, our 'power of review is strictly limited to the record presented on appeal.' ... 'Parties claiming error below and seeking appellate review have the duty and responsibility to support their allegations with an adequate record.'" *Gorostieta v. Parkinson*, 2000 UT 99, ¶ 16, 17 P.3d 1110 (citations omitted); *see also State v. Wulffenstein*, 657 P.2d 289, 293 (Utah 1982) (stating that absent an adequate record on appeal an appellant's "assignment of error stands as a unilateral allegation which the reviewing court has no power to determine"); *Call v. City of West Jordan*, 788 P.2d 1049, 1052 (Utah Ct. App.1990) (stating that "the appellant has the burden of providing the reviewing court with an adequate record on appeal to prove his allegations"). Accordingly, if an appellant

---

1. The Robertses appeal multiple issues; however, the majority of issues apply only to Kathy Roberts because Jimmy Roberts's status as a party arose solely from a joint counterclaim he filed with Kathy Roberts that was dismissed before trial for failing to pay a filing fee.

2. In lieu of requesting an official transcript of the proceedings, the Robertses prepared their own transcript of the proceedings. Capital One moved to deny the Robertses' submission of those transcripts for inclusion in the record because the Robertses had not filed a financial declaration to demonstrate that they were unable

to afford an official transcript. *See* Utah R.App. P. 11(g) (stating that a party to an appeal may prepare a statement of evidence if there was no report of the evidence at trial, "or if the transcript is unavailable, or if the appellant is impecunious and unable to afford a transcript"). The district court granted the motion. Despite being put on notice that their self-prepared transcript could only be used if they could demonstrate that they could not afford to pay for a transcript, the Robertses never submitted the necessary documentation to allow the district court to make a finding on indigence.

seeks review of rulings, findings, and conclusions made during the course of trial or as a result of a trial, the appellant must include a transcript of the proceeding in the record on appeal. In the absence of the transcript on appeal, the reviewing court presumes the regularity of the proceedings below. *See State v. Jones*, 657 P.2d 1263, 1267 (Utah 1982).

■ ¶ 3 Because the Robertses did not provide a copy of the pre-trial or trial transcripts, we presume the regularity of those proceedings. As a result, this court cannot review the claims of error relating to testimony and evidence elicited during trial. This includes the issues relating to the use of evidence obtained from a subpoena, use of a deposition transcript during trial, challenges to the examination of Kathy Roberts, and all issues relating to the sufficiency of the evidence.

■ ¶ 4 Further, we cannot review the Robertses' claims that they were not timely receiving pleadings, notices, and orders because they were being sent to their home address, not their P.O. Box, by both Capital One and the district court. The Robertses assert that these claims were preserved at the beginning of the trial. However, the Robertses have failed to provide us with a transcript of that proceeding. Accordingly, the record on appeal does not demonstrate that the issues were preserved. However, even if the issues had been preserved, the Robertses would not be entitled to relief because they never put Capital One or the district court on notice of their preferred mailing address, nor did they complain about the mailing address until trial. *See State v. Maese*, 2010 UT App 106, ¶ 13, 236 P.3d 155 ("[I]n order to preserve an issue for appeal the issue must be presented to the trial court in such a way that the trial court has an opportunity to rule on that issue." (citation and internal quotation marks omitted)).[3]

■ ¶ 5 The Robertses contend that the district court erred in dismissing their counterclaim and that the district court had a conflict of interest because it originally al-

lowed the Robertses to file a counterclaim then later dismissed it due to their failure to pay the appropriate fee. However, these issues too are unpreserved. There is no pleading in the record objecting to the dismissal of the counterclaim. If the Robertses ever objected to the dismissal or raised the conflict of interest issue, it was at trial, and they have not supplied this court with a transcript of the trial.

■ · ¶ 6 Finally, the Robertses argue that the district court erred in denying their request for a waiver of bond and denying their request to use a self-prepared transcript instead of obtaining an official transcript. However, both of these arguments are inadequately briefed because the Robertses include no analysis of the issues presented and fail to address the district court's reasoning in denying these requests. *See Smith v. Smith*, 1999 UT App 370, ¶ 8, 995 P.2d 14 ("An issue is inadequately briefed when the overall analysis is so lacking as to shift the burden of research and analysis to the reviewing court."). Accordingly, they have failed to carry their burden of demonstrating that the district court erred on this point.

¶ 7 Affirmed.

---

**3.** The Robertses further acknowledge in their brief that the postal service automatically for-

warded any mail sent to their home address to their P.O. Box.