**2019 UT App 181**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
CARL STANLEY FLEMING,
Appellant.

Opinion
No. 20170251-CA
Filed November 15, 2019

Second District Court, Ogden Department
The Honorable Ernest W. Jones
No. 161901973

Cherise Bacalski and Emily Adams, Attorneys
for Appellant

Sean D. Reyes and Thomas Brunker, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES GREGORY K. ORME and JILL M. POHLMAN concurred.

MORTENSEN, Judge:

¶1   During a search incident to arrest, police officers found Carl Stanley Fleming in possession of drug paraphernalia and cocaine. Later, Fleming tried to explain away his possession of the cocaine by saying he was unaware that it was in a jacket that he alleged he had borrowed from his girlfriend. This explanation was a disconnect, however, because the arresting officer had found the cocaine in the front pocket of Fleming's pants. At trial, Fleming's counsel (Counsel) told the jury it would hear Fleming's account, but Fleming did not testify when Counsel became concerned that Fleming's three prior drug convictions might come in. The jury found Fleming guilty. Fleming appeals, claiming Counsel was ineffective in a couple of ways. We affirm.

## BACKGROUND[1]

¶2　While checking a park for trespassers, officers came upon Fleming, asked him to identify himself, and then arrested him based on an active arrest warrant. In the search incident to arrest, an officer found a black case containing two pipes and some Brillo pads[2] in Fleming's jacket pocket and a pill bottle with a hard, white substance in Fleming's front pants pocket. The officer asked Fleming what the substance was, and Fleming responded that "it might be meth or it might be a rock,"[3] but he hadn't had a chance to try it yet. The substance later proved to be cocaine. The State charged Fleming with possession of a controlled substance with prior convictions.

¶3　At a suppression hearing, Fleming testified that the cocaine was in his girlfriend's jacket that he was wearing, not in his pants pocket. He further explained that he was wearing his girlfriend's jacket in addition to his own coat, and that he was unaware the cocaine was in her jacket. After the hearing, the State filed a notice that if Fleming so testified at trial, the State would present Fleming's three prior drug-related convictions for the purpose of rebutting his lack-of-knowledge or mistake argument as to possessing the cocaine. *See* Utah R. Evid. 404(b).

---

1. "On appeal, we review the record facts in a light most favorable to the jury's verdict and recite the facts accordingly." *State v. Maese*, 2010 UT App 106, ¶ 2 n.2, 236 P.3d 155.

2. An officer testified that drug users often use a Brillo pad by tearing off a piece of it and inserting it into their pipe to reduce the heat of the drugs they smoke.

3. The term rock is "street slang for a unit of crack cocaine." *State v. Jeffries*, 2009 UT 57, ¶ 2, 217 P.3d 265.

¶4     At trial, Counsel told the jury in his opening statement that it would hear Fleming's account of the arrest, specifically that the cocaine was found in his girlfriend's jacket that he happened to be wearing, not his pants pocket, and that he did not know the drugs were there. During its case-in-chief, the State presented the arresting officer's testimony that the cocaine was found in Fleming's front pants pocket. Counsel then sought a ruling on whether Fleming's prior convictions would be admissible if Fleming testified, but the trial court declined to rule in advance, reasoning that admissibility would turn on the content of Fleming's testimony. Counsel ultimately advised Fleming not to testify.[4]

¶5     In closing argument, Counsel focused on four principal points. First, Counsel argued that if Fleming had known about the cocaine, he would have disposed of it because he had ample opportunity to do so before being detained. Second, Counsel asserted that Fleming did not know about the cocaine because it would make no sense that Fleming would admit that he had the drug paraphernalia and not admit that he had the cocaine. Third, Counsel focused on Fleming's answer to the arresting officer that the cocaine "might be meth or it might be a rock," arguing that someone who knew he had drugs would know what they are. Finally, Counsel focused on discrediting the arresting officer's testimony. Counsel specifically argued that the arresting officer's testimony conflicted with another officer's testimony regarding whether a pastor, who was standing by Fleming during the arrest, drove off in a car and had to be brought back to the scene. This conflict, Counsel argued, sufficiently undermined the arresting officer's testimony such that the jury should disbelieve him completely. However, this final argument was based on a

---

4. Out of the jury's presence, the trial court confirmed, on the record, that Fleming was knowingly and intentionally waiving his right to testify.

misunderstanding of the testimony, and the State clarified in its rebuttal argument that the arresting officer never testified that the pastor left, only that the pastor got into his car.

¶6     The jury convicted Fleming as charged, and he appeals.

ISSUE AND STANDARD OF REVIEW

¶7     The sole issue Fleming raises is whether he received constitutionally ineffective assistance of counsel. "An ineffective assistance of counsel claim raised for the first time on appeal presents a question of law." *State v. Ott*, 2010 UT 1, ¶ 16, 247 P.3d 344 (cleaned up).

ANALYSIS

¶8     Fleming first argues that Counsel's advice not to testify amounted to ineffective assistance. Fleming then asserts that Counsel's argument in closing that Counsel based on his misunderstanding of the testimony was also ineffective assistance. We conclude that Fleming has not demonstrated that Counsel rendered ineffective assistance in either respect.

¶9     To prevail on an ineffective assistance of counsel claim, a defendant must meet the two-prong *Strickland* test: (1) counsel's performance was objectively deficient and (2) the deficient performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *State v. Wilder*, 2018 UT 17, ¶ 17, 420 P.3d 1064. "Because both prongs of the *Strickland* test must be met to establish ineffective assistance of counsel, we need not always address both prongs." *State v. Goode*, 2012 UT App 285, ¶ 7 n.2, 288 P.3d 306; *accord Menzies v. State*, 2014 UT 40, ¶ 78, 344 P.3d 581. Accordingly, we address only the deficient-performance prong as to Fleming's first claim and only the prejudice prong as to Fleming's second claim.

I. Counsel's Advice Not to Testify

¶10 Counsel's performance was not deficient when he advised Fleming not to testify. "Performance is deficient under *Strickland* only when no competent attorney would have so acted." *State v. Coombs*, 2019 UT App 7, ¶ 20, 438 P.3d 967 (cleaned up). A defendant "must overcome the strong presumption that [the defendant's] trial counsel rendered adequate assistance by persuading the court that there was no conceivable tactical basis for counsel's actions." *State v. Clark*, 2004 UT 25, ¶ 6, 89 P.3d 162 (cleaned up); *see also Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (cleaned up)).

¶11 Fleming argues that Counsel's advice not to testify was objectively unreasonable and unsound trial strategy. We disagree. Counsel's advice was reasonably calculated to prevent the jury from hearing about Fleming's three prior drug convictions. The crux of the trial was whether Fleming knowingly possessed the cocaine. If Fleming had testified, his three prior drug convictions may have been admitted into evidence under rule 404(b), rule 609, or potentially another evidentiary avenue under the Utah Rules of Evidence. Then, having learned of his three prior drug convictions, the jury may have been less likely to believe Fleming's argument that he unknowingly possessed the cocaine in this instance. Thus, having been unsuccessful in persuading the trial court to tip its hand as to how it would rule on the admissibility of Fleming's prior convictions, Counsel's advice for Fleming not to testify was reasonable. *See State v. Gilbert*, 2005 UT App 432U, para. 3 (holding that the advice for the defendant not to testify was "sound trial strategy" because it shielded the defendant "from

the possibility of prejudicial impeachment with his prior convictions").

¶12 We view Counsel's trial decision as a quintessential question of judgment and strategy. We easily could imagine this appeal being before us under the alternative scenario in which Counsel instead had advised Fleming to testify. *See, e.g.*, *State v. Hards*, 2015 UT App 42, ¶ 22, 345 P.3d 769 (denying an ineffective assistance of counsel claim when counsel advised the defendant to testify). Had the prior convictions come into evidence, Fleming could have just as easily claimed that advising him to testify was ineffective assistance. This type of dilemma exemplifies why we presume effective assistance and search the record for any conceivable tactical basis for trial counsel's decision. *See Strickland*, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . ."); *see also Honie v. State*, 2014 UT 19, ¶ 32, 342 P.3d 182 ("Because of the temptation to second-guess trial counsel's decisions with the benefit of hindsight, judicial scrutiny of counsel's performance must be highly deferential . . . ." (cleaned up)). In short, we conclude that Counsel's advice against testifying was not deficient performance, and therefore Fleming's ineffective assistance claim in this regard fails.

## II. Counsel's Closing Argument

¶13 Counsel's argument in closing, based on his misunderstanding of the testimony, did not prejudice Fleming. "To show prejudice in the ineffective assistance of counsel context, the defendant bears the burden of proving . . . that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Beverly*, 2018 UT 60, ¶ 30, 435 P.3d 160 (cleaned up). It is insufficient to show "some conceivable effect on the outcome of the proceeding"; rather, "the likelihood of a different result must

be substantial." *Menzies v. State*, 2014 UT 40, ¶ 91, 344 P.3d 581 (cleaned up). "There is a reasonable probability that . . . the result of the proceeding would have been different" when a court's "confidence in the outcome" of the trial is undermined. *Strickland v. Washington*, 466 U.S. 668, 694 (1984) (cleaned up).

¶14 Fleming argues that Counsel prejudiced him by asking the jury to acquit him, in part, based on Counsel's misunderstanding of the testimony. However, this argument is unpersuasive. Three of Counsel's four main arguments in closing were correctly based on the evidence and addressed whether Fleming knowingly possessed the cocaine. In particular, Counsel pointed out that Fleming had an opportunity to dispose of the cocaine but didn't. Counsel also highlighted that Fleming admitted to possessing the drug paraphernalia but not the cocaine. And Counsel argued that if Fleming knew he possessed the cocaine, he would not have said that "it might be meth or it might be a rock." These circumstances, Counsel argued, supported the conclusion that Fleming did not know about the cocaine. Thus, Counsel defended Fleming with multiple arguments based on a correct understanding of the evidence.

¶15 The exact whereabouts of the pastor, a mere bystander, were not critical to the evidentiary picture in this case. Thus, even though Counsel misunderstood this single bit of evidence in closing argument, we are unpersuaded that there is a reasonable likelihood of a different outcome of Fleming's trial without this argument. Indeed, in the absence of Counsel's misunderstanding, the jury would have still heard Counsel's other arguments and would have still had the same evidence before it. Moreover, even if Counsel's recollection of the evidence were correct, it is not likely that the jury would have discredited every other aspect of the officer's testimony simply due to such a minor mistake. By that same token, it is also unlikely that the jury would have disregarded everything else Counsel had to say simply because of his flawed

misunderstanding on this point. Therefore, the part of Counsel's closing argument that was based on his misunderstanding of the evidence did not prejudice Fleming, and Fleming's ineffective assistance claim in this regard fails.

## CONCLUSION

¶16   We conclude that Fleming's ineffective assistance of counsel claims fail because Counsel's advice not to testify was not deficient, and Counsel's argument in closing based on a misunderstanding of the testimony did not prejudice Fleming. Affirmed.

———————